UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER A. FONTE,

        Petitioner,

v.                                                  Case No. 06-C-1082

LARRY JENKINS,
Warden, Kettle Moraine Correctional Institution

        Respondent.

**ORDER**

On October 16, 2006, Peter A. Fonte filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Walworth County Circuit Court of three offenses—homicide by intoxicated use of a motor vehicle, obstructing an officer, and injury by operation of a motorboat while intoxicated and with a prohibited alcohol concentration—and was sentenced to 7 years of imprisonment plus 18 years of extended supervision. He is currently incarcerated at Kettle Moraine Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Fonte asks this court to reverse his conviction for homicide by intoxicated use of a motor vehicle on three grounds: (1) Wisc. Stat. § 940.09, which governs this offense, is unconstitutional; (2) he was entitled to a change of venue because pretrial publicity was such that he was deprived of his right to an impartial jury; and (3) he was denied effective assistance of counsel when trial counsel failed to object to evidence of his alias and evidence of his non-traditional lifestyle.

Review of the petition reveals that it appears to be timely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2). Fonte's judgment became final on October 21, 2005, the date on which the Wisconsin Supreme Court denied his motion to reconsider its June 15, 2005 decision that reinstated his conviction.[1] He filed this petition on October 16, 2006, which is within one year of the date the judgment became final.

---

[1] On August 4, 2004, the Wisconsin Court of Appeals had reversed the Circuit Court judgment.

Fonte raises at least colorable constitutional issues. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Pre-trial publicity, if sufficiently severe, can deprive a defendant of the right to trial before an impartial jury, which is guaranteed by the Sixth Amendment. It is also unconstitutional for a state law to shift or remove the state's burden to prove every element of a crime beyond a reasonable doubt, as petitioner alleges Wisc. Stat. § 940.09 does. *In re Winship*, 397 U.S. 358, 364 (1970).

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). Fonte has exhausted state remedies

3

as to all three of his federal claims here, as all three were ruled on by the Wisconsin Supreme Court when it reinstated his conviction.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

4

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___20th___ day of October, 2006.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge